## APPEAL OF LEWIS-HALL IRON WORKS.

Docket No. 3097.     Submitted July 15, 1925.     Decided October 5, 1925.

*Chas. D. Hamel*, *Esq.*, and *J. H. Amick*, *C. P. A.*, for the taxpayer.

*Blount Ralls*, *Esq.*, for the Commissioner.

Before STERNHAGEN, LANSDON, and LOVE.

This appeal is from the determination of a deficiency in income and profits taxes in the amount of $6,039.36 for the fiscal years ended January 31, 1920, 1921, and 1922. The taxpayer alleges that the Commissioner erred (1) in disallowing certain payments as ordinary and necessary expenses; (2) in disallowing the deduction from the gross income of certain amounts paid for State, county, and municipal taxes on property owned by the taxpayer during the year 1921; (3) by including in the taxpayer's income for the year 1921 a profit realized from the sale of property in which the taxpayer had no beneficial interest; and (4) by adding accrued and unpaid interest due on a contract in which the taxpayer had no beneficial interest to the taxpayer's income for 1921.

FINDINGS OF FACT.

1. The taxpayer is a Michigan corporation with its principal office in Detroit. It is engaged in the manufacture of fabricated steel for building purposes. During the years involved in this appeal all its common stock was owned by Harry S. Hall and Henry B. Lewis in the proportion of approximately 47 to 53 per cent, respectively, and all the preferred stock outstanding was owned by Henry B. Lewis and his wife.

2. During the fiscal year ended January 31, 1920, the taxpayer expended $500 in payment for the services of speakers employed to address its employees at stated times. The taxpayer asserts and the Commissioner admits that such payments are deductible from gross income as ordinary and necessary expenses for the year in which they were made.

3. The taxpayer paid taxes to the State of Michigan, the County of Wayne, and the City of Detroit in the amount of $6,233.55 during the fiscal year ended January 31, 1921. The Commissioner admits and the parties agree that of such payments the amount of $5,026.97 is deductible from the taxpayer's gross income for the year in which it was paid, under the provisions of section 214 (a) (3) of the Revenue Acts of 1918 and 1921.

4. For some time prior to September, 1919, Hall and Lewis were engaged jointly in the business of manufacturing motor trucks in Detroit. In September, 1919, the Lewis-Hall Motors Corporation was organized with Hall and Lewis as officers and with common stock in the amount of $343,000 issued to them in the proportions of about 55 and 45 per cent, respectively. Much of the stock originally allotted to Hall and Lewis was afterwards sold to the public.

5. Some time in December, 1919, Hall, acting for himself and Lewis, secured an option on a certain parcel of real estate located in Detroit and paid therefor the amount of $1,000, which was advanced to him by the taxpayer. On February 18, 1920, he entered into a contract to purchase the said real estate of the Chicago Railway Equipment Co. for a consideration of $145,000. Under the terms of the contract Hall was to pay $50,000 in cash, this payment to include the $1,000 theretofore paid, and the remainder of the purchase price in 10 annual installments, with interest at the rate of 6 per cent annually. Hall never made any payments in discharge of the provisions of the contract. One of the provisions of the said contract is as follows:

It is hereby understood and agreed that the interest of said party of the second part herein may [shall] be assigned by him to a corporation; and that upon such assignment such corporation shall be entitled to all the rights, and assume all the liabilities of the second party hereunder.

6. On the same date, February 18, 1920, Hall executed the following assignment to the taxpayer:

In consideration of the sum of One Dollar and other valuable considerations to me in hand paid, receipt whereof is hereby acknowledged, I hereby sell, assign and transfer to Lewis-Hall Iron Works, a Michigan Corporation, all my right, title, and interest in and to the within contract and the property therein described. Signed Harry S. Hall (LS)

The Lewis-Hall Iron Works at the same time accepted the above assignment in the following terms:

The Lewis-Hall Iron Works, a Michigan Corporation, the assignee above-named, does hereby accept the above assignment and covenant and agree to and with the Chicago Railway Equipment Company, an Illinois Corporation, parties of the first part to the within contract, in consideration of the foregoing assignment, to assume, perform, and carry out all the conditions and

obligations contained in the within contract to be performed and complied with by the said party of the second part thereto.

7. On the same date, February 18, 1920, the Lewis-Hall Iron Works entered into contract to sell the real estate referred to above to the Lewis-Hall Motors Corporation for a consideration of $200,000. Except the names of the parties, this contract is substantially identical in terms with the contract between Hall and the Chicago Railway Equipment Co. On the same day the Lewis-Hall Motors Corporation issued its check in the amount of $50,000 to Lewis-Hall Iron Works as its first payment on the property so acquired, and the Lewis-Hall Iron Works issued its check in the amount of $49,148 to Hall, who immediately endorsed the same and paid it over to the Chicago Railway Equipment Co. as the balance of principal and interest due on the first payment provided for in the original sale contract.

8. Subsequent to February 18, 1920, the Lewis-Hall Motors Corporation became insolvent and was taken over by the Security Trust Co., of Detroit, as receiver in bankruptcy. Sometime in May, 1923, the said receiver sold the real estate in question for $215,000. From the proceeds of such sale the Chicago Railway Equipment Co. was paid $103,996.69, the balance of principal and interest due it under the terms of the original sales contract. Subsequent to the sale of the real estate in question by the receiver the Lewis-Hall Iron Works assigned all its interest in the proceeds of such sale to the First National Bank of Detroit, which thereby received the amount of $72,471.37 from such proceeds, which it used to extinguish the personal indebtedness of Hall and Lewis to it.

9. Resulting from its acceptance of the assignment of the sales contract between Hall and the Chicago Railway Equipment Co., the taxpayer was the owner of such contract, and the profit resulting from its sale of the real estate in question to the Lewis-Hall Motor Corporation was a part of its gross income for the year ended January 31, 1921.

10. The taxpayer realized no income during the year 1922 from interest accruals on the amounts due it from the Lewis-Hall Motor Corporation.

### DECISION.

The deficiency should be computed in conformity with the foregoing findings of fact. Final settlement will be made on consent or on 10 days' notice, under Rule 50.

ARUNDELL not participating.